UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TODD THURSTON, | Civil Action No.: 18-12744 |
| | Honorable Gershwin A. Drain |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 10, 13]**

Plaintiff Todd Thurston appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(C). The Court **RECOMMENDS** that:

- Thurston's motion [ECF No. 10] be **DENIED**;

- the Commissioner's motion [ECF No. 13] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

  A.  **Background and Disability Application**

Born December 15, 1963, Thurston was 51 years old on the date of application, and he alleged an onset date of July 15, 2014. [ECF No. 8-5, Tr. 152-54]. His last insured date was March 31, 2016. [ECF No. 8-2, Tr. 33]. He has a high school diploma and has past relevant work as an auto mechanic and delivery route driver. [*Id.*, Tr. 35, 38-39]. Thurston claimed disability from chronic left shoulder pain post clavicle fracture, degenerative disc disease with narrowing of the cervical spine, multilevel narrowing and degenerative disc disease of the lumbar spine, and depression. [ECF No. 8-6, Tr. 249].

After a hearing in October 2017, during which Thurston and a vocational expert (VE) testified, the ALJ found him not disabled. [ECF No. 8-2, Tr. 32-63]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Thurston timely filed for judicial review. [ECF No. 1].

  B.  **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Thurston was not disabled. At the first step, he found that Thurston had not engaged in substantial gainful activity from his alleged onset date to his last insured date. [ECF No. 8-2, Tr. 12]. At the second step, he found that Thurston had the severe impairments of "degenerative disc disease of the lumbar and cervical spine; left clavicle fracture, status post ORIF; left scapular fracture; and COPD." [*Id.*, Tr. 12]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 12-13].

Between the third and fourth steps, the ALJ found that Thurston had the RFC to perform light work except:

> [H]e could lift or carry 10 pounds frequently and 20 pounds occasionally; stand or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday, with an option to alternate between sitting and standing after 15 minutes of either activity; push or pull within the aforementioned weight restrictions, but only frequently, not constantly, with the bilateral upper extremities. In addition, the claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds; frequently reach with the bilateral upper extremities, except only occasionally reach overhead with the left upper extremity; occasionally have exposure to extreme cold, extreme heat, wetness, non-weather related humid conditions, or atmospheric conditions such as dusts, noxious odors, fumes, or other respiratory irritants; and occasionally have exposure to hazards such as unprotected heights or moving mechanical parts.

[*Id.*, Tr. 14]. At step four, the ALJ found that Thurston was unable to

perform any past relevant work. [*Id.*, Tr. 17]. At the final step, after considering Thurston's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that Thurston could perform jobs that were in significant numbers in the national economy, including information clerk, office helper and mail clerk. [*Id.*, Tr. 18]. The ALJ thus found Thurston not disabled. [*Id.*, Tr. 19].

   **II.   ANALYSIS**

   Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). On the first page of the summary judgment motion, Thurston cursorily identifies the issue as whether the ALJ's decision is "supported by substantial evidence and contains errors of law." [ECF No. 10, PageID.1107]. But his argument does not address whether substantial evidence supported the ALJ's decision. [*Id.*, PageID.1115-16]. Courts in this circuit routinely decline to review issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argument." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). Thus, the substantial-evidence issue is waived.

Thurston's sole argument is that the ALJ failed to obtain an expert medical opinion about medical equivalency of the listings, which he says is required by Social Security Ruling (SSR) 17-2p. [ECF No. 10, PageID.1115-16]. He notes that his physical impairments had been evaluated by a single decision-maker who was unqualified to give a medical expert opinion. [*Id.*]. Thurston fails to identify a specific impairment or listing in his argument, and instead makes a blanket argument that the ALJ failed to obtain an expert medical report. This failure is dispositive because any error at step three is harmless if the claimant has not shown that his impairment meets or medically equals a listed impairment. *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). At any rate, Thurston's allegation of error lacks merit.

Previously, courts found that the regulations required ALJs to obtain an expert opinion on the issue of medical equivalency. *See Hardy v. Comm'r of Soc. Sec.*, No. CV 15-10010, 2016 WL 1128085, at *1 (E.D. Mich. Mar. 23, 2016) (citing SSR 96-6p). But SSR 17-2p replaced SSR 96-p6. *See* SSR 17-2p, 2017 WL 3928306, at *1 (S.S.A. Mar. 27, 2017). Under SSR 17-2p, an ALJ need not obtain evidence from a medical expert on equivalence if the "evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." 2017

6

WL 3928306, at *4 (SSA Mar. 27, 2017);[1] *see also Marvin v. Comm'r of Soc. Sec.*, No. 1:17-CV-330, 2018 WL 4214339, at *3 n.3 (W.D. Mich. Aug. 10, 2018), *adopted*, 2018 WL 4208682 (W.D. Mich. Sept. 4, 2018) ("[T]he Social Security Administration has clarified that an ALJ is not required to obtain a medical expert's opinion before making a finding that an individual's impairments do not meet or equal a listing impairment."); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:18-CV-808, 2019 WL 2125540, at *3 (W.D. Mich. Apr. 19, 2019), *adopted*, 2019 WL 2120121 (W.D. Mich. May 15, 2019) ("In SSR 17-2p, the Social Security Administration clarified that an ALJ is not required to obtain a medical expert's opinion before making a finding that an individual's impairments do not equal a listing impairment.").

Thurston relies on the following language of SSR 17-2p to support his argument that the regulation requires a medical expert's opinion.

> To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following:
>
> > 1. A prior administrative medical finding from a[ ] [medical consultant] or [psychological consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or

---

[1] SSR 17-2p also states that an ALJ "is not required to articulate specific evidence supporting his or her findings that the individual's impairment(s) does not medically equal a listed impairment." 2017 WL 3928306, at *4. Rationale articulated at a later step on the issue of disability is sufficient. *Id.*

7

> 2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the [Appeals Council's] medical support staff supporting the medical equivalence finding.

[ECF No. 10, PageID.1115, (quoting SSR 17-2p, 2017 WL 3928306, at *3)]. But that language "makes clear that it applies only when the ALJ finds that a claimant's impairments *are* medically equivalent to a Listing. Here, the ALJ found the opposite." *Cooper v. Comm'r of Soc. Sec.*, No. CV 18-12611, 2019 WL 2240711, at *4 (E.D. Mich. Apr. 8, 2019), *adopted*, 2019 WL 2208151 (E.D. Mich. May 22, 2019) (emphasis in original).

Thus, Thurston's argument that the ALJ was required to obtain a medical opinion on medical equivalency is without merit and the ALJ's decision should be affirmed.

### III. CONCLUSION

The Court **RECOMMENDS** that Thurston's motion [ECF No. 10] be **DENIED**; that the Commissioner's motion [ECF No. 13] be **GRANTED**; and that the ALJ's decision be **AFFIRMED.**

Dated: June 10, 2019

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

8

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

9

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2019.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager